### DUCKETT *vs.* THE STATE OF GEORGIA.

1. That a horse was stolen, and a few days thereafter the defendant sold it some miles away, and made false statements as to the ownership and possession thereof, was sufficient to support a verdict of guilty of larceny.
2. Where an important fact was brought to the attention of the solicitor-general for the first time by the statement of the prisoner, there was no error in permitting him to reopen the case to show that fact.

Criminal law.   Practice in the Superior Court.   Before Judge McCUTCHEN.   Murray Superior Court.   February Term, 1880.

Reported in the decision.

LUFFMAN & HARRIS; JOHNSON & McCAMY, for plaintiff in error.

A. T. HACKETT, solicitor-general, for the state.

JACKSON, Chief Justice.

The defendant being found guilty of simple larceny in stealing a horse, moved for a new trial on two grounds, the first of which is that the verdict is not sustained by the evidence. The facts are that the

horse was taken from the pasture where the prosecutor put him at night, and that defendant sold him at Chattanooga within a day or two afterwards, and said to the purchaser that he got him from his brother who lived in Murray county, Georgia—that he, defendant, had the horse about one month, and his brother about a year—that defendant lived in three miles of the pasture and knew all about the ownership of the horse, having often seen the owner working him. This evidence is abundant to authorize the conviction of the defendant.

The second ground is that the court erred in permit-ting the solicitor-general to recall a witness and prove a fact called to his attention for the first time by the pris-oner's statement and in rebuttal of that statement. The testimony is in rebuttal, and if it was not, the court was right to reopen the case for an important fact to be proven on either side newly discovered by counsel, even after the argument had commenced, the status of the parties not being changed by the discharge of witnesses, or other action taken by reason of the formal closing the testimony. The ground of objection to its introduction urged before this court was that the evidence did not rebut the statement. We think it does rebut it; but if not, it was not error to admit it.

Judgment affirmed.